[See Case No. 8,666.]

## Case No. 8,666.

### In re McBRIEN.

[3 Ben. 481; [1] 3 N. B. R. 344 (Quarto, 90).]

District Court, S. D. New York. Nov. 1869.

EXAMINATION OF BANKRUPT — PROPERTY IN HIS POSSESSION AFTER THE FILING OF HIS PETITION.

Questions put to a bankrupt by the assignee in bankruptcy, tending to show that, within a short time after the filing of his petition, he had an amount of money in his possession, which he had not acquired by the transaction of any business subsequent to such filing, are proper.

[2] [I, James F. Dwight, register of said court in bankruptcy, hereby certify that in the course of the proceedings in said cause before me, the following question arose pertinent to said proceedings, and was stated and agreed to by counsel for the opposing parties, Mr. John Sedgwick, assignee, etc., and Mr. Robert N. Waite, attorney for the bankrupt. The bankrupt being under examination declined and refused to answer certain questions propounded by the said assignee who was examining him. The said questions are fully set out in the statement of the assignee hereto annexed. And the said parties requested that the same should be certified to the judge for his opinion thereon, which is hereby done and the statements of the said parties hereto attached. I think the questions should be answered.

[3] [From 2 N. B. R. 197 (Quarto, 73).]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [From 3 N. B. R. 344 (Quarto, 90).]

[Statement of Counsel: The counsel for assignee insists that on the examination of the bankrupt, Questions "370: When did you first do any business, if at all, after filing your petition? 371. Have you done any business since you filed your petition? 372. Before going into business, after filing your petition, were you in the possession of any money? 373. Have you had any place of business since filing your petition? 374. Since filing your petition, have there been kept any books of account of your business? 375. Since filing your petition, have you kept in your own name or otherwise any bank account? 376. In the month of April, 1868, were you not in the possession of or control of some hundreds of dollars in money? 377. Since filing your petition, have you not made deposit of some thousands of dollars in money? 378. Since filing your petition herein on the 11th of March, 1868, and before April 6th, 1868, did you not make deposit of some thousands of dollars in money?" were relevant, and bankrupt should answer them. The assignee was entitled to any facts, directly or circumstantially tending to show that the bankrupt, before filing his petition in bankruptcy, was in possession of money, which he had concealed, but which should have gone to the assignee. Now, the questions, if answered, might have exhibited this train of circumstances, that on the 11th of March, 1868, the bankrupt filed his petition, that from that time to April 6th, 1868, he did no business, or if he did any business he made no money in it, but that on the 6th of April, 1868, he was in possession of some hundreds or thousands of dollars in money. The assignee might then claim that the bankrupt was to show affirmatively how (if such was the fact), that being in no business or making no money, he acquired that money subsequent to the adjudication of bankruptcy, or the assignee, knowing by the answer to the questions, that bankrupt was under the exceptional circumstances in possession of money, be able to trace out the occurrences, and show by bankrupt's or other witnesses' testimony that that money had been acquired by bankrupt before the filing of the petition. At any rate, the position taken, that, because the assignee is not entitled to property acquired by him after filing his petition, the bankrupt is not obliged to disclose whether he was in possession of large sums of money soon after bankruptcy, is not sound. The point of inquiry in such cases is, when did the bankrupt acquire it, and how? The assignee will have to show that it was acquired before bankruptcy, and he may also show that, though acquired after, still it was the proceeds of property or effects belonging to the assignee. An investigation may commence by showing means and going to the result, or showing the result, and discovering the means by further examination. The assignee distinctly asserts that the purpose was not to obtain information as to property acquired by bankrupt after filing his petition, but was to show that he had a large sum of money in his possession at the time of going into bankruptcy, which he concealed until April 6th, 1868, when he deposited it for his own purposes. John Sedgwick, of Counsel for Assignee, etc.

[Counsel for bankrupt submit that he was not compellable to answer the questions severally numbered 370, 371, 372, 373, 374, 375, 376, 377, and 378.] [2]

BLATCHFORD, District Judge. The questions were proper and relevant, and must be answered. The clerk will certify this decision to the register, James F. Dwight, Esq.